# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **DISABILITY SERVICES OF ILLINOIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 18 C 7709** |
| | ) | |
| **FELICIA GRAY, MICHAEL** | ) | |
| **PATTON, and JAMES DIMAS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Disability Services of Illinois (DSI) held state licenses to operate facilities for and provide training adults with mental illnesses and developmental disabilities. The Illinois Department of Human Services (IDHS) revoked the licenses in late 2016 based on claims of significant violations of state law and department rules that, in IDHS's view, posed an imminent risk of harm to DSI's clients. DSI requested a hearing, and the matter is still pending at the administrative level.

In 2017, DSI filed a lawsuit against IDHS in state court, seeking an injunction against the license revocation. The state court dismissed the lawsuit, and DSI appealed. DSI then filed the present lawsuit against three IDHR officials. It alleges that the officials have violated its rights to due process and equal protection under the Fourteenth Amendment to the United States Constitution. DSI asks the Court to overturn the license revocation and find various provisions of the Illinois Administrative Code unconstitutionally vague.

Defendants have moved to dismiss the Court based on the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny. Under this doctrine, federal courts must abstain from enjoining or otherwise interfering in ongoing state proceedings that are judicial in nature, involve important state interests, and provide an adequate opportunity to raise the suing party's federal claims, unless there are exceptional circumstances that make abstention inappropriate. *See, e.g., Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007).

The pending administrative proceeding in which DSI is contesting the revocation of its license qualifies as a proceeding that is judicial in nature. The Supreme Court has applied *Younger* abstention "to state administrative proceedings in which important state interests are vindicated, so long as in the course of those proceedings the federal plaintiff would have a full and fair opportunity to litigate his constitutional claim." *Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 627 (1986). There is no question that the administrative proceeding involves important state interests, specifically the providing of services to and protection of disabled persons. Indeed, DSI does not contend that the administrative proceeding does not involve important interests.

The pending state proceedings afford DSI an adequate opportunity to assert its federal claims. Specifically, DSI can assert its constitutional challenges before the IDHS administrative law judge (and likely has done so), and if it does not prevail it can raise them in an administrative review proceeding in state court. *See Howard v. Lawton*, 22 Ill. 2d 331, 333 (1961); *Holstein v. City of Chicago*, 803 F. Supp. 205, 210 (N.D. Ill. 1992). DSI wishes to assert a claim for damages arising from what it contends

was the unconstitutional revocation of its license; Illinois law permits DSI to include such a claim under 42 U.S.C. § 1983 as part of an administrative review suit in state court. *See, e.g., Green v. Benden*, 281 F.3d 661, 666-67 (7th Cir. 2002).

Finally, DSI has not identified any special circumstances that would make abstention inappropriate. Exceptional circumstances may exist when, for example, the state proceeding is being conducted in bad faith or is motivated by a desire to harass; there is an extraordinarily pressing need for immediate equitable relief such that the plaintiff will be irreparably injured absent the issuance of such relief; or the challenged provisions are flagrantly violative of constitutional prohibitions. *See Stroman Realty, Inc.*, 505 F.3d at 664; *FreeEats.com, Inc. v. State of Indiana*, 502 F.3d 590, 596 (7th Cir. 2007). DSI contends that it is being harassed, but it has offered nothing on this score other than a bare and unsupported allegation, which is insufficient. Nor is there any basis to believe that the regulatory provisions that DSI challenges are "flagrantly" violative of the federal constitution. The one factor that gives the Court pause is the fact that the administrative proceeding is still pending over two years after the revocation. But there is no indication that the state agency is stalling or otherwise inappropriately delaying the matter. And the administrative proceeding appears to be nearing a conclusion. Post-hearing briefing was conducted in the latter part of 2018 and appears to have been completed in November 2018. *See* Defs.' Mem., Ex. A (briefing schedule order by administrative law judge). And a recent status report reflects that a ruling is expected within the next few weeks.

**Conclusion**

For these reasons, the Court concludes that *Younger* abstention is appropriate. The Clerk is directed to enter judgment dismissing the lawsuit without prejudice, based on the doctrine of abstention under *Younger v. Harris*.

Date: June 13, 2019

_____
MATTHEW F. KENNELLY
United States District Judge